CV 14  4774

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 11 2014 ★

BROOKLYN OFFICE

LMARK HOLDING LLC, and CYPRESS DRIVE PARTNERS LLC,

    *Plaintiffs*,

-against-

MILLENNIUM HEALTHCARE, INC.

    *Defendant*.

Index No.

COMPLAINT

TOMLINSON, M.J.

Plaintiffs LMARK Holdings LLC ("LMARK"), and Cypress Drive Partners LLC ("Cypress") (collectively, the "Plaintiffs"), by their attorneys Gusrae Kaplan Nusbaum PLLC, alleges as follows:

## PRELIMINARY STATEMENT

1. This case arises from defendant Millennium Healthcare, Inc.'s ("Millennium" or "Defendant") failure to perform its obligations pursuant to a contract. Plaintiffs exercised their rights to convert Series E Preferred Shares in Millennium to the company's common shares pursuant to an agreement and Defendant failed to perform its obligations.

## THE PARTIES AND VENUE

2. Plaintiff LMARK is a New York limited liability company, its sole managing member resides at 21641 Belhaven Way, Estero, Florida 33928.

3. Plaintiff Cypress is a New York limited liability company, its sole managing member resides at 21641 Belhaven Way, Estero, Florida 33928.

4. Defendant Millennium is a Delaware corporation with offices located at 400 Garden City Plaza, Suite 440, Garden City, New York 11530.

## RELEVANT NON-PARTIES

5. Aquafina Design LLC ("Aquafina") is a New York limited liability company with offices located at 21641 Belhaven Way, Estero, Florida 33928.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 based upon the complete diversity of the Plaintiffs and Defendant, and the matter in controversy exceeds $75,000.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the Defendant transacts business and maintains an office in this district.

## FACTUAL BACKGROUND

### Plaintiffs' Acquisition Series E Preferred Shares

8. In June of 2011, Aquafina provided Defendant with a $500,000.00 line of credit (the "Line of Credit"). The Line of Credit was available through September 30, 2010. During that time period, Defendant borrowed $415,000.00.

9. In October of 2011, the Line of Credit was converted to Series B Convertible Preferred Stock ("Series B Shares"). The conversion price of the Series B Shares was $1.50 per share at any time after January 1, 2012. Defendant issued a total of 276,667 shares of Series B Shares to Aquafina.

10. In December of 2011, Aquafina provided another $185,000.00 loan to Defendant. Aquafina and Defendant agreed that Defendant would cancel the 276,667 Series B Shares and issue 60,000 shares of Series C Preferred Stock (the "Series C Shares"). Each of the Series C Shares was convertible at $10.00 into 30 shares of common stock.

11. From January 1, 2012 through March 31, 2012, Aquafina invested an additional $477,500.00 in Millennium.

12. On March 30, 2012, Defendant and Aquafina entered into a written agreement to exchange/retire the Series C Shares with Series D Preferred Stock ("Series D Shares") (the "Convertible Preferred D Agreement"). Pursuant to the Convertible Preferred D Agreement, Defendant issued to Aquafina 110,000 shares of the Series D Shares.

13. In April 2012, Defendant replaced the 110,000 Series C Shares with 110,000 Series D Shares.

14. On June 1, 2013, Defendant converted the Series D Shares to Series E Preferred Stock ("Series E Shares") and amended the certificate of designation to authorize a Series E Preferred Stock (the "Series E Certificate of Designation"). Each share of Series E Shares is non-voting and convertible without additional consideration into 65 shares of voting common stock. Specifically, pursuant to Section 5 of the Series E Certificate of Designation:

> Conversion. The Holders of this Series E Preferred Stock will have conversion rights as follows:
>
> (i) *Right to Convert.* Beginning on June 1, 2014, each share of the Series E Preferred Stock will be convertible at the option of the Holder thereof (except as prohibited by law), in full or in part, into the number of fully paid and nonassessable shares of common stock of the Corporation provided below.
>
> (ii) *Conversion Price.* Each share of Seriese E Preferred shall be convertible into sixty-five (65) shares of Common Stock (subject to adjustment as provided in Section 5) and on May 31, 2018 any unconverted shares of Series E Preferred Stock shall automatically convert.
>
> (iii) *Delivery of Common Stock Upon Conversion.* The Company shall, no later than the close of business on the third (3rd) business day (the "Deadline") after receipt by the Company of all necessary documentation duly executed and in proper form required for conversion, including the original Preferred Stock Certificates to be converted (or after provisions for security or indemnification in the case of lost or destroyed certificates), and a facsimile copy of a duly

> executed notice of conversion in a form reasonably acceptable to the Company, issue and surrender to a common courier for either overnight or (if delivery is outside the United States), two (2) day delivery to the Holder at the address of the Holder as shown on the stock records of the Company a certificate for the number of shares of Common Stock to which the Holder shall be entitled as aforesaid.

15. The Defendant exchanged 126,280 Series D Shares issued to Aquafina to Series E Shares, which included the 110,000 shares issued plus 16,280 shares in accrued dividends. Defendant later issued an additional 5,978 Series E Shares in accrued dividends, for a total of 132,258 Series E Shares.

16. Pursuant to Section 4 of the Series E Certificate of Designation, the Defendant agreed to pay a quarterly dividend to holders of the Series E Shares at the rate of $0.20 per share. Defendant agreed to pay the dividends on the last day of January, April, July and October of each year. Beginning on January 1, 2014, Defendant was required to pay the dividends in cash.

17. On or about March 28, 2014, Aquafina distributed Series E Shares to its members Cypress and LMARK in the in the following amounts:

    (a) LMARK received 17,500 shares

    (b) Cypress received 12,500 shares

18. Millennium cancelled Aquafina's stock certificates and issued new stock certificates in the names of LMARK and Cypress, respectively.

**Defendant Fails To Perform Its Obligations**

19. On June 2, 2014, Cypress requested conversion of its 12,500 Series E Shares into 812,500 unrestricted common shares. Cypress made the request to Defendant and its lawyers and included in its request the: (a) Series E Shares certificate; (b) the paperwork necessary under

4

Rule 144 of the Securities Act of 1933 (the "Rule 144 Paperwork"); (c) its corporate resolution; and, (d) a letter with instructions. Millennium refused to honor the request.

20. On July 31, 2014, LMARK requested conversion of its 17,500 shares of Series E into 1,137,500 unrestricted common shares. LMARK made the request to Defendant and its lawyers and included in its request the: (a) Series E Shares certificate; (b) the Rule 144 Paperwork; (c) its corporate resolution; and, (d) a letter with instructions. Millennium refused to honor the request.

21. On July 31, 2014, an attorney for each of Cypress and LMARK submitted letters to Defendant's transfer agent Continental Stock Transfer & Trust Co. opining that the Plaintiffs' respective requests to convert their Series E Shares to common unrestricted shares were proper and required pursuant to Millennium's own documents and public filings.

22. Nonetheless, Defendant refused to honor the demands made by the Plaintiffs.

### FIRST CAUSE OF ACTION
### (Plaintiffs against Millennium for Breach of Contract- Specific Performance)

23. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 22 as if set forth herein.

24. Cypress owned 12,500 Series E Shares and LMARK owned 17,500 Series E Shares.

25. Pursuant to the agreement(s), Plaintiff had the right to convert each Series E Share into 65 unrestricted voting common shares at any time after June 1, 2014.

26. The Plaintiffs requested the conversion of their Series E Shares into unrestricted voting common shares after June 1, 2014.

27. Defendant failed to convert the Plaintiffs' Series E Shares into unrestricted voting common shares in breach of the agreement(s).

28. There is no adequate remedy at law for Defendant's failure to convert the Plaintiffs' Series E Shares into unrestricted voting common shares.

29. Plaintiffs seek specific performance and respectfully request that the Court order Defendant to issue: (i) 812,500 unrestricted common shares to Cypress; and, (ii) 1,137,500 unrestricted common shares to LMARK.

## SECOND CAUSE OF ACTION
**(Plaintiffs against Millennium for Breach of Contract- Money Damages)**

30. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 29 as if set forth herein.

31. Plaintiffs requested conversion of their Series E Shares into unrestricted common shares on June 2, 2014 and July 31, 2014, respectively. On the date of the breach, Millennium's common shares were worth approximately $.50 per share.

32. Defendant failed to convert Plaintiffs' Series E shares into common shares in breach of its agreement(s).

33. As a result of the Defendant's conduct, Plaintiffs were injured in an amount to be determined at trial, but not less than $1,000,000.00.

## THIRD CAUSE OF ACTION
**(Plaintiffs against Millennium for Breach of Contract)**

34. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 33 as if set forth herein.

35. Pursuant to the Series E Certificate of Designation, Defendant was required to pay holders of the Series E Shares quarterly dividends at the rate of $0.20 per share. Defendant was required to make the dividend payments on the last day of January, April, July and October of each year.

36. Millennium made payments on or about January 31, 2014 and April 30, 2014, but failed to make a cash dividend payment to the Plaintiffs on July 31, 2014.

37. As a result of Millennium's failure to make the contractually required cash dividend payment:

   (a) LMARK has been injured in an amount to be determined at trial, but not less than $2,500.00; and

   (b) Cypress has been injured in an amount to be determined at trial, but not less than $3,500.00.

WHEREFORE, Plaintiffs demand judgment against Defendant, as follows:

   A. Ordering specific performance in favor of Cypress requiring Millennium to convert 12,500 shares of Series E into 812,500 unrestricted voting common shares; and,

   B. Ordering specific performance in favor of LMARK requiring Millennium to convert 17,500 shares of Series E into 1,137,500 unrestricted voting common shares; and,

   C. Awarding compensatory damages in favor of the Plaintiffs in an amount to be determined at trial, but in an amount not less than $1,000,000.00, plus pre-judgment interest for Millennium's breach of contract.

   D. Awarding compensatory damages in favor of the Plaintiffs in an amount to be determined at trial, plus pre-judgment interest, but in an amount not less than the following for Millennium's breach of contract:

   i. $2,500.00 to LMARK; and,

   ii. $3,500.00 to Cypress.

E.  Such other and further relief as the Court deems just and proper.

Dated:  New York, New York
August 11, 2014

GUSRAE KAPLAN NUSBAUM PLLC

By: _____

Martin P. Russo, Esq.
Alison B. Cohen, Esq.
120 Wall Street, 25$^h$ Floor
New York, New York 10005
Ph: 212-269-1400
Fax: 212-514-8479
mrusso@gusraekaplan.com
acohen@gusraekaplan.com
*Attorneys for Plaintiffs LMARK Holdings LLC, and Cypress Drive Partners LLC*